**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-81317-CIV-DAMIAN/MAYNARD**

**SERGEY YURYEVICH KOLESOV,**

**Petitioner,**

**v.**

**MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, *et al.*,**

**Respondents.**
_______________________________________/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before me upon Plaintiff's Motion for a Temporary Restraining Order ("Motion"). DE 5. The Motion also requests an order to show cause regarding preliminary injunctive relief, which the Clerk separately docketed as a request for relief at DE 6. On October 7, 2026, the District Judge referred all nondispositive motions to me for resolution and all dispositive motions for a report and recommendation. DE 16. The Motion and the related request for an order to show cause fall within the scope of that referral.

For the reasons explained below, I respectfully **RECOMMEND** that the Motion and the related request, DE 5 and DE 6, be **DENIED WITHOUT PREJUDICE AS MOOT**.

**BACKGROUND**

According to the Complaint, Plaintiff is a Ukrainian citizen who has resided in the United States since 1997. DE 1 ¶ 13. In 2010, a final order of removal was entered against Plaintiff. *Id.* ¶ 14. Rather than immediately effectuate his removal, U.S. Immigration and Customs Enforcement ("ICE") placed Plaintiff under an Order of Supervision requiring him to remain at his address,

report for scheduled appointments, and comply with all supervisory conditions. *Id.* ¶ 15. Plaintiff alleges that he remained compliant with these requirements for sixteen years. *Id.* ¶¶ 16-17.

However, on July 18, 2026, Plaintiff received a Notice of Violation and Order from the Department of Homeland Security ("DHS") imposing a civil penalty of $1,820,352.00 for allegedly willfully remaining in the United States in violation of 8 U.S.C. § 1324d(a). *Id.* ¶ 23; *see also* DE 5-3 at 29-31.

Through the Motion, Plaintiff seeks to enjoin Defendants from enforcing the civil penalty and requests an order to show cause regarding preliminary injunctive relief. DE 5-2 at 17; *see also* DE 6. Plaintiff challenges the penalty on several grounds, including the statute of limitations, Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act. DE 5-2 at 5-12.

In response, Defendants initially asserted that enforcement of the penalty was stayed by an order entered in another jurisdiction and that ICE was discontinuing enforcement actions against Plaintiff. DE 15. On that basis, Defendants argued that the Motion was moot. *Id.*

Plaintiff disputed mootness in his reply and alternatively requested that the Court hold the Motion in abeyance while suspending collection activities, prohibiting use of the penalty in immigration proceedings, and requiring notice before any collection efforts resumed. DE 17.

In response to my order directing Defendants to address this alternative request, DE 18, Defendants filed a notice rescinding the civil penalty. DE 20, 20-1. In their separate surreply, Defendants reiterated that the Motion was moot in light of the rescission notice and that, subject to certain conditions, "Plaintiff agrees that the rescission resolves the need for emergency relief and will withdraw the TRO Motion." DE 21 at 4. Plaintiff subsequently stated that he "does not oppose denial of his Motion for Temporary Restraining Order … without prejudice to renewal

should Defendants reassess a penalty for the same conduct or take any action to collect, report, or rely on the rescinded penalty." DE 23.

**DISCUSSION**

A defendant's voluntary cessation of challenged conduct does not automatically moot a request for injunctive relief. *See Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282–85 (11th Cir. 2004) (explaining that a challenge to government conduct becomes moot when the challenged conduct has been unambiguously terminated and there is no reasonable basis to believe it will recur). Although *Troiano* did not involve a motion for a temporary restraining order, its mootness principles inform the consideration of whether emergency injunctive relief remains necessary here.

Here, Plaintiff seeks emergency injunctive relief to prevent enforcement of the civil penalty imposed by the July 2026 Notice of Violation and Order. Defendants have since rescinded that notice and order. DE 20, 20-1. The rescission contains no stated limitation or condition, and the record identifies no ongoing enforcement action under the rescinded order. Moreover, Plaintiff does not oppose denial of the Motion without prejudice to renewal if Defendants reassess the penalty or take affirmative action to collect, report, or rely on it. DE 23.

On this record, the rescission has eliminated the present need for the emergency relief requested. Denial without prejudice appropriately resolves the pending requests while leaving open the possibility of renewed relief if subsequent developments warrant it. The Court need not reach the merits of Plaintiff's statutory and constitutional challenges to the penalty or determine whether the rescission renders any other claim in this action moot.

## RECOMMENDATION

For the foregoing reasons, I respectfully **RECOMMEND** that Plaintiff's Motion for a Temporary Restraining Order, DE 5, and the related request for an order to show cause regarding preliminary injunctive relief, DE 6, be **DENIED WITHOUT PREJUDICE AS MOOT**.

## NOTICE OF RIGHT TO OBJECT AND SHORTENED OBJECTIONS PERIOD

In light of the emergency nature of the relief Plaintiff requested and to promote finality on the issue, the parties shall have an abbreviated period of **three (3) calendar days** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with presiding U.S. District Judge Melissa Damian. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within one (1) calendar day of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 20th day of October, 2026.

Shaniek Maynard

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE