**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-81317-CIV-DAMIAN**

**SERGEY YURYEVICH KOLESOV,**

Petitioner,

v.

**MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,** *et al.*,

Respondents.
______________________________________/

**ORDER AFFIRMING AND ADOPTING UNOBJECTED TO REPORT AND RECOMMENDATION [ECF NO. 24]**

**THIS CAUSE** is before this Court on Magistrate Judge Shaniek Mills Maynard's Report and Recommendation [ECF No. 24 ("Report")], entered on October 20, 2026, regarding Plaintiff Sergey Yuryevich Kolesov's ("Kolesov") Motion for a Temporary Restraining Order [ECF No. 5 ("Motion")] and related Motion for Order to Show Cause [ECF No. 6 ("Show Cause Motion")], both filed on September 28, 2026. Also before this Court are Plaintiff's Notice of Non-Objection to Report and Recommendation [DE 24] and Correction of the Record [ECF No. 25 ("Kolesov's Notice")], filed on October 20, 2026, and Respondent's Notice Regarding Report and Recommendation [ECF No. 26 ("Respondents' Notice")], filed on October 21, 2026.

THE COURT has considered the Report, Kolesov's Notice, Respondents' Notice, the pertinent portions of the record, and the relevant authorities and is otherwise fully advised.

In the Report, Judge Maynard explains that Kolesov seeks emergency relief to prevent enforcement of a civil penalty imposed against him. Report at 2. After Respondents rescinded the penalty, Judge Maynard found that there was no present need for the

requested emergency relief. *Id*. at 3. She therefore recommends denying the Motion and the related request for an order to show cause without prejudice as moot, leaving Kolesov free to renew his requests if Respondents reassess the penalty or take action to collect, report, or rely on it. *Id*. at 3–4. The recommendation does not resolve whether the merits of Kolesov's remaining claims are moot. *Id*. at 3. Neither party objects to the Report. [ECF Nos. 25, 26].

When a magistrate judge's disposition has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment. Although Rule 72 itself is silent on the standard of review, the Supreme Court has recognized that Congress intended to require *de novo* review only when objections are properly filed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The undersigned has reviewed the Report, the parties' notices, the pertinent portions of the record, and the applicable law and finds no clear error in the recommended disposition. This Court agrees with Judge Maynard's conclusion that the Motion and the Show Cause Motion are due to be denied without prejudice as moot. Report at 3–4. Consistent with the Report and Kolesov's Notice, this disposition does not resolve the merits of Kolesov's claims or determine whether any other claim is moot. Report at 3; Kolesov's Notice at 1.

Accordingly, for the reasons set forth in the Report and above, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 24]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Kolesov's Motion for a Temporary Restraining Order **[ECF No. 5]** is **DENIED AS MOOT**.

3. Kolesov's related Motion for Order to Show Cause **[ECF No. 6]** is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 26th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Shaniek Mills Maynard
Counsel of Record